UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-24260-RAR

**RUBIN YOUNG,**

    Plaintiff,

v.

**JUAN FERNANDEZ BARQUIN,** *et al.*,

    Defendants.

_____/

### ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on October 31, 2024. *See* Compl., [ECF No. 1]. Upon screening the Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and does not adhere to the Federal Rules of Civil Procedure or the Local Rules for the Southern District of Florida. Accordingly, Plaintiff's Complaint is **DISMISSED** *without prejudice and with leave to amend* as set forth herein.

### BACKGROUND

Plaintiff alleges that he is a write-in candidate for Miami-Dade County Clerk of the Circuit Court and Comptroller and that "unconstitutional filing fees and economic barriers resulting from systemic inequality and poverty are a significant barrier to candidacy." Compl. ¶¶ 3, 7. He then (1) alleges that Juan Fernandez Barquin "should be disqualified from running due to his failure to adhere to the mandatory leave of absence"; (2) challenges "Annette Taddeo's candidacy on the grounds of her failure to provide proof of U.S. citizenship, raising concerns about compliance with immigration policies since her arrival in the United States in 1985"; (3) alleges Daniella Levine Cava "engaged in unlawful election interference by financially supporting Ms. Taddeo and

distributing illegal campaign materials at voting precincts, thus violating several Florida and federal election laws"; and (4) accuses Christina White of "neglecting her duties to enforce key provisions of the Home Rule Charter and Florida election laws, contributing to an environment of corruption and misconduct." Compl. ¶¶ i–iv.

## LEGAL STANDARD

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Indeed, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). And while Courts must construe *pro se* pleadings liberally, *Lacy v. BP P.L.C.*, 723 F. App'x 713, 715 (11th Cir. 2018), liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining that courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Twombly*, 550

U.S. at 555. The Federal Rules of Civil Procedure provide, in pertinent part, that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

That being said, "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal after *pro se* litigant's noncompliance with court orders).

The liberal construction afforded to *pro se* litigants also does not allow them to file impermissible "shotgun" pleadings. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The most common" shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. "The next most common type . . . is a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that . . . [does] not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–

23. Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Stated bluntly, shotgun pleadings are "a massive waste of judicial and private resources." *Id.* (cleaned up). Thus, the Eleventh Circuit has made clear that shotgun pleadings are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002).

Finally, district courts have "extensive discretion" in deciding whether to grant a plaintiff leave to amend. *Lacy*, 723 F. App'x at 715 (quoting *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999)). Leave to amend need not be given "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Id.* (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). And leave to amend a complaint is futile when the proposed amended complaint still would be subject to dismissal. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

## **ANALYSIS**

Plaintiff's Complaint is a shotgun pleading because it "fail[s] to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. To begin, Plaintiff's Complaint is clearly the most common type of shotgun pleading because the paragraphs explaining each count, none of which contain the elements of any

legal claim, all "re-allege[] and incorporate by reference all preceding paragraphs." Compl. ¶¶ 50, 51, 53. Further, Plaintiff includes very few facts in the Complaint and relies primarily on conclusory and vague allegations. The facts alleged do not state any sort of plausible claim; indeed, all they primarily aver is the existence of filing fees and that one defendant was born outside of the United States. Compl. ¶¶ 14, 30.

It is also unclear what actual legal claims Plaintiff is attempting to advance. The Complaint indicates a violation of 42 U.S.C. § 1983 in the jurisdictional section, but then makes no further mention of the statute. Compl. ¶ 12. There are then a variety of sections, naming—without explaining—myriad legal principles and statutes, rendering it difficult to "discern which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (Tjoflat, J., dissenting); *see also Weiland*, 792 F.3d at 1323 n.13 (collecting cases in the Eleventh Circuit).

For example, a section titled "Discriminatory Filing Fees" concludes that the Fourteenth Amendment, the Florida Civil Rights Act, and the Miami-Dade County Code have all been violated; that the aforementioned fees are discriminatory; and alludes to an unexplained disparity among filing fees as lacking justification. Compl. ¶¶ 14–20. Bewilderingly, a non-named party is then asked to provide relief for these alleged violations. Compl. ¶ 21. And additional sections reference purported violations of a wide-ranging set of legal principles and statutes. Compl. ¶ 45. Only after these conclusory lists does the Complaint mention how any of the Defendants might be involved. Compl. ¶¶ 46–49. But the list of Defendants merely associates each of them with a legal conclusion of an alleged violation of the law without stating *which* law each Defendant violated or *how* each Defendant allegedly violated the unspecified law. *Id.*

For example, Plaintiff claims that Defendant Daniella Levine Cava interfered with the electoral process by financially supporting Defendant Annette Taddeo, citing four state law

statutes and six federal statutes. Compl. ¶ 34. But Plaintiff does not explain how Levine Cava financially supported Taddeo, how such alleged financial support would violate the electoral process, or how any of the cited provisions apply to the electoral process or any alleged interference or financial support. *Id.* Plaintiff also claims that Levine Cava distributed illegal campaign materials but does not say when she allegedly distributed these materials, what these materials were, or how they were illegal. *Id.*

Moreover, Plaintiff's base assertions appear contradictory. The Court believes that Plaintiff's core issue is that his name was not put on the ballot—but Plaintiff also claims that he is a write-in candidate. The Court has always understood "write-in candidate" to refer to a candidate that is not on the ballot, but which voters may *write in*. If this is not the case, then Plaintiff needs to explain why, and explain why it plausibly violates a specified law. He cannot simply aver that filing fees imposed by Miami-Dade County are "unconstitutional" and request that other candidates running for Miami-Dade County Clerk of the Circuit Court and Comptroller be "deemed ineligible to run" due to purported "noncompliance" with state and local laws. *See* Compl. at 11.

Given that the Court cannot divine "which allegations of fact are intended to support which claim(s) of relief," the Complaint must fail. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). If Plaintiff chooses to file an amended complaint, he must "separat[e] into a different count each cause of action or claim for relief," and make it clear, with specificity, how the facts in his case connect to each cause of action. *Weiland*, 792 F.3d at 1322–23. The Court suggests that supplementing the Amended Complaint with a clearer narrative of what happened, with descriptions of relevant individuals' roles as well as a general timeline of events, could help this Court and Defendants better discern Plaintiff's causes of action.

## **CONCLUSION**

Plaintiff has failed to set forth a legally or factually sufficient claim for relief in his Complaint. Nonetheless, *pro se* litigants should ordinarily be afforded an opportunity to amend. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (noting that where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, the movant is entitled to an opportunity to amend).

If an amended complaint is filed, the Court will only consider claims raised in the amended complaint. Moreover, the Court does not act as a researcher or investigator on a plaintiff's behalf. *See Fils*, 647 F.3d at 1285. Put simply, this Court does not serve as a litigant's attorney, and any amendment subsumes previous allegations. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. at 662–88. And failure to adhere to procedural rules or court orders, of course, will provide grounds for dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified).

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Consistent with the purpose of Fed. R. Civ. P. 8, Plaintiff is granted leave to file an amended complaint **not to exceed twenty (20) pages** in length. Moreover, the Court encourages Plaintiff to make every effort to keep his allegations within the four corners of the form complaint and to keep attached additional pages at a minimum so that they can better adhere to the page limitations set by this Order.

2. On or before **November 14, 2024**, the amended complaint must be docketed, signed under the penalty of perjury, and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. Plaintiff shall be provided a form complaint.

3. The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above, so that it will be filed in this case.

4. The amended complaint must contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued.

5. Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

6. Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Order shall result in dismissal of this case for failure to prosecute and/or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

7. The Clerk's Office is instructed to administratively **CLOSE** this case.

8. Given that Plaintiff's Complaint fails to state a claim upon which relief may be granted, Plaintiff's request for volunteer counsel is premature at this stage of the proceedings. Accordingly, Plaintiff's Motion for Referral to Volunteer Attorney Program, [ECF No. 4], is **DENIED** *without prejudice*.

**DONE AND ORDERED** in Miami, Florida, this 31st day of October, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**